**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Steven King,
Plaintiff, Case No.:

v.

Life Insurance Co. of North America,
Defendant.

# COMPLAINT

## STATEMENT OF THE CASE

1. This is an action for damages, equitable relief and attorney fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.*, specifically 29 U.S.C. § 1132(a)(1)(b).

## JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337, as well as 29 U.S.C. § 1132(e) and 29 U.S.C. §1132(f).

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) and (c), because the breach of the employee benefits contract between the parties occurred within this district.

## PARTIES AND GENERAL ALLEGATIONS

4. Plaintiff, Steven King, is a resident of Polk County, Florida At all times relevant hereto Plaintiff, Steven King, was an "employee" of FedEx Freight, Inc., his "employer", as those terms are defined in 29 U.S.C. §§ 1002(5) and (6).

5. Defendant, Life Insurance Co. of North America, is a foreign corporation and a fiduciary with respect to such claim, and does business in the Middle District of Florida.

6. At all times relevant hereto Plaintiff was a "participant" in and a "beneficiary" of a long-term disability insurance plan, as those terms are defined by 29 U.S.C. §§ 1002(7) and (8), and his insurance premium required for coverage under the LTD PLAN had been fully paid or otherwise satisfied.

7. The LTD PLAN is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

8. At all times relevant hereto Plaintiff's employer, FedEx Freight, Inc. was the "plan sponsor" as that term is defined by 29 U.S.C. § 1002(16)(B).

9. At all times relevant hereto Defendant, Life Insurance Co. of North America is the "administrator", of the LTD PLAN and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002, (16) and (21).

10. At all times relevant hereto the LTD PLAN provided for payment of long-term disability benefits in the event Plaintiff became "disabled", as defined in the LTD PLAN.

11. At all times relevant hereto, Plaintiff was "disabled" as that term is defined in the LTD PLAN and this claim relates to benefits under the foregoing plan.

12. Plaintiff has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering benefits under the LTD PLAN for the loss or losses herein claimed.

13. Plaintiff has exhausted his administrative remedies.

## FACTS

14. Plaintiff realleges and reavers paragraphs 1 through 13 of the Complaint, incorporating them by reference herein as if specifically restated.

15. At all times material to this action there was in full force and effect an insurance plan for long-term disability benefits constituting a binding contract of insurance between the parties.

16. The purpose of the plan was to pay to Plaintiff, Steven King, a specified monthly sum in the event that he became disabled. "Disability" and "Disabled" is defined in the policy to mean:

> "*Definition of disability/Disabled*
>
> *1. unable to perform the material duties of his or her Regular job; and*
> *2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular job.*
>
> *After Disability Benefits have been payable for 12 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
> *1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
> *2. unable to earn 80% or more of his or her Indexed Earnings.*
>
> *The Insurance Company will require proof of earnings and continued Disability."*

17. Plaintiff was an eligible plan participant of the long-term disability plan at all times material to this action

18. Plaintiff became disabled and stopped working on 10/24/2012 due to pain and weakness in the left shoulder with full thickness tears of the supraspinatus and infraspinatus tendons. The Plaintiff was paid long term disability benefits from April 1, 2013 to October 1, 2017. The claim for Long-term disability benefits was denied on 01/29/2018.

19. During this time period, Plaintiff's disability was fully supported by his treating physicians.

20. Since October 2, 2017, the Plaintiff has continued to meet the definition of disability as defined by the Policy and continues to be disabled from not only his occupation but any

occupation. He has not worked in any occupation for which he is or may reasonably become qualified for based on his education, training and experience.

21. By the terms of the Defendant's Policy, the Plaintiff applied for Social Security Disability benefits with an onset date of April 2013.

22. Plaintiff has entered into a Contract of Representation and has agreed to pay the undersigned an attorney's fee for representation.

## COUNT ONE

### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)

23. Plaintiff realleges and reavers paragraphs 1 through 22 of the Complaint, incorporating them by reference herein as if specifically restated.

24. Defendant has failed and refused to pay Plaintiff sums due pursuant to the terms of the LTD PLAN since October 2, 2017 and continuing.

25. Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an Order granting relief from Defendant for benefits due under the LTD PLAN through specific performance of the contract between the parties, together with interest, costs of litigation and attorney's fees.

## COUNT TWO

### Action to Clarify Right to Receive Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)

26. Plaintiff realleges and reavers paragraphs 1 through 22 of the Complaint, incorporating them by reference herein as if specifically restated.

27. Plaintiff is entitled to benefits under the LTD PLAN.

28. Defendant has denied that Plaintiff is entitled to benefits under the LTD PLAN from October 2, 2017 and continuing.

29. Plaintiff is entitled to clarification of his right to reinstatement under the LTD PLAN.

30. Plaintiff is entitled to recover attorney's fees and costs as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order declaring his right to benefits from October 2, 2017 and continuing under the LTD PLAN, pursuant to 29 U.S.C. § 1132(a)(1)(B), and award his attorney's fees and costs of litigation pursuant to 29 U.S.C. § 1132(g).

Dated this 27 day of September, 2018.

Respectfully Submitted,

NANCY L. CAVEY, ESQUIRE
Florida Bar No.: 300934
LAW OFFICES OF NANCY L. CAVEY
821 16th Street North
St. Petersburg, Florida 33705
(727) 894-3188 – Phone
(727) 821-2751 – Fax
cavey@tampabay.rr.com
Attorney for Plaintiff